# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ADAM KENNEDY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No.  07-CV-353 TCK/SAJ |
| | ) |
| FEDEX FREIGHT EAST, INC., | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Comes on for determination following hearing held February 28, 2008, Motion to Quash [Dkt. # 48] filed by Defendant, Motion for Protective Order filed by Defendant [Dkt. #49], Defendant's Motion to Compel [Dkt. #55], Defendant's Motion for Protective Order [Dkt. #56], Motion of Defendant and Third-Party Witnesses for Protective Order [Dkt. #59], Plaintiff's Motion to Strike Portions of Defendant's Motion for Protective Order [Dkt. #65], and Plaintiff's Motion For Discovery/Status Conference [Dkt. #66].  The court, having considered the argument and authority presented and the in camera submissions of counsel, finds.

### I.  DEFENDANT'S MOTION TO QUASH [Dkt. # 48] AND
### MOTION FOR PROTECTIVE ORDER [Dkt. # 49]

Motion to Quash [Dkt. # 48] and Motion for Protective Order filed by Defendant [Dkt. #49] are sustained in part and denied in part.  In regard to subpoena item # 6, the court finds that Defendant FedEx Freight East must produce Dennis Nagle's Personnel File and Driver's File within 15 days from the date of this order. In regard to items # 3, 4, 5, 11, 12, and 13, Defendant is obligated to produce such information only as it relates directly to

1

Dennis Nagle.  Any such information is also to be produced within 15 days.

There remains the question of whether the production requested in items #2 and #3 is covered by the work product protection first set forth in *Hickman v. Taylor,* 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947), later codified in Fed. R. Civ. P. § 26(b)(3).  As demonstrated in the cases set forth on page 10 of Plaintiff's response brief,  the courts have developed a distinction between investigative reports prepared in the ordinary course of business, such as referrals to safety committees or safety review regardless of whether litigation did or did not ensue, and those investigative reports that are directly prepared with an eye toward litigation.  The latter are given work product protection.  It would appear that any investigative reports prepared because of some federal or state directive or regulation are in the ordinary course of business and not entitled to work product protection.  The distinction found by the court in *Soeder v. General Dynamics Corp.,* 90 F.R.D. 254 (D. C. Nev. 1980) should be applied to this case as well.  Defendant is ordered to produce all items responsive to items #1 and #2 which were prepared in the ordinary course of business as described above within 15 days.

### II. DEFENDANT'S MOTION TO COMPEL [DKT. #55], DEFENDANT'S MOTION FOR PROTECTIVE ORDER [DKT. #56], MOTION OF DEFENDANT AND THIRD-PARTY WITNESSES FOR PROTECTIVE ORDER [DKT. #59]

Determining these  three motions requires deciding whether the Plaintiff has violated Rule 4.2 of the Oklahoma Rules of Professional Conduct.  Rule 4.2 states:

> In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order.

Comment 7 to Rule  4.2 explains the application of the rule to corporate parties.

> In the case of a represented organization, this Rule prohibits communications with a constituent of the organization who supervises, directs or regularly consults with the organizations's lawyer concerning the matter or has authority to obligate the organization with respect to the matter or whose act or omission in connection with the matter may be imputed to the organization for purposes of civil or criminal liability.

Plaintiff's attorney hired private investigators to interview and take recorded statements from other drivers stationed at the St. Clair, Missouri FedEx facility at which Dennis F. Nagle, Jr was stationed. Nagle was driving the FedEx truck involved in the accident that is at the center of this litigation. The investigators inquired about Nagle and his driving habits. Defendant argues that such conduct violates Rule 4.2 because Plaintiff's counsel was aware that Defendant's counsel represented FedEx at the time the drivers were contacted.

There is substantial case law outlining the criteria under which contact with corporate employees is prohibited by Rule 4.2. Contact with corporate employees is prohibited only if the employee has managing authority sufficient to give them the right to speak for, and bind, the corporation. See *Fulton v. Lane,* 1992 OK 25, 829 P.2d 959; *Weeks v. Independent School Dist.*, 230 F.3d 1201 (10th Cir. 2000).

Defendant argues that if the employee could make a statement against the interest of the corporation as described in Fed.R.Evid. 801(d)(2), contact with the employee is prohibited under Rule 4.2. The Oklahoma courts have never adopted such a test. In *Weeks,* the Tenth Circuit does say that courts may look to Fed.R.Evid. 801 (d)(2) to "provide guidance in determining whether an employee has such speaking authority, although it can offer only assistance by analogy because it addresses a different issue." *Id* at 1209.

3

In the case at bar, the undersigned finds that the driver employees contacted did not have speaking authority through which they could bind the corporation under Rule 4.2 or Fed.R.Evid. 801(d)(2). Thus, the contact with the employees described in this case is not prohibited. They are simply fact witnesses who hold factual information about what they observed others doing. Plaintiff has cited numerous cases on pages 4 through 9 of second response brief (Dkt. # 71) with similar facts and holdings.

At hearing, Plaintiff submitted a compact disk and transcripts of two of the interviews for *in camera* review. The court has reviewed these transcripts and finds nothing that suggests any violation of Rule 4.2.

Defendant's Motion to Compel Dkt # 55] asks the court to order Plaintiff to produce all evidence gained through the employee interviews and to grant Defendant its costs and expenses as a sanction for violating Rule 4.2. Since the court has found no violation of Rule 4.2, the motion to compel is denied.

Defendant also asks that production of such evidence be compelled because it is relevant evidence that should be produced independent of any alleged violation of Rule 4.2. Plaintiff argues that such evidence is protected as work product under *Hickman v. Taylor,* 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947), later codified in Fed. R. Civ. P. 26(b)(3). The court agrees with Plaintiff on this issue. This is classic attorney work product done at the direction and supervision of Plaintiff's counsel.

The remaining question is whether the Defendant has a substantial need of the materials in the preparation of its case and is unable, without undue hardship, to obtain the substantial equivalent of the materials by other means. The court finds there is no substantial need. Defendant is able to obtain the same information by deposing or

interviewing the same drivers as those interviewed by Plaintiff. The motion to compel is denied on this ground as well.

Defendant's Motion for Protective Order [Dkt # 56] asks that the court bar Plaintiff from further contact with current employees and that further depositions of drivers be stayed. Since the court finds no Rule 4.2 violation, this motion is denied. Defendant's Motion to prohibit the depositions of Havener and Pullium [Dkt. #59] is denied as well.

### III. PLAINTIFF'S MOTION TO STRIKE [DKT. #65]

Plaintiff's Motion to Strike Portions of Defendant's Motion for Protective Order [Dkt. #65] is moot as withdrawn per Plaintiff's announcement at hearing.

### IV. PLAINTIFF'S MOTION FOR DISCOVERY/STATUS CONFERENCE [DKT. #66]

The motion is granted. Discovery is extended until May 3, 2008 for the limited purpose of taking the deposition of Dr. Winkler and the deposition of Ms. Brassfield following Dr. Winkler's. Discovery is extended through April 3, 2008 as to the fact witnesses which are the subject of the motions addressed herein. Should the parties determine that the July trial date is unworkable as a result of this extension, joint motion (if possible) should be made to the court for a new trial date and pretrial schedule.

IT IS SO ORDERED THIS 4th DAY OF MARCH, 2008.

Sam A. Joyner
United States Magistrate Judge